UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| XI'AN METALS & MINERALS IMPORT & EXPORT CO., LTD. )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　　　　　　　　　)<br>UNITED STATES, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendant. ) | Court No. 20-103 |

## COMPLAINT

On behalf of Xi'an Metals & Minerals Import & Export Co., Ltd. ("Xi'an Metals", or "Plaintiff"), a Chinese exporter of steel nails, we hereby bring this civil action and allege the following:

### Parties

1. Xi'an Metals is a Chinese exporter of steel nails during the period of review, August 1, 2017 through July 31, 2018, that timely filed pleadings before the administering authority. Plaintiff qualified for and received a separate rate in this review.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce of Commerce (the "Department").

### Jurisdiction

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of review under 19 U.S.C. §1675. *See Certain Steel Nails From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2017-2018*, 85 Fed. Reg. 22,399 (April 22,

2020), *incorporating* Issues and Decision Memorandum ("POR 10 IDM"). Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

**Standing**

4. Plaintiff is a foreign exporter of subject steel nails that participated in the review resulting in the contested determination. Accordingly, Plaintiff is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5. In addition, because the Department's Final Results overstated Plaintiff's antidumping duty margin, Plaintiff has been adversely affected or aggrieved by agency action within the meaning of Section 702 of Title 5 of the United States Code. Therefore, Plaintiff has standing to bring this action under 28 U.S.C. § 2631(c).

**Timeliness**

6. Notice of the Final Results was published in the Federal Register on April 22, 2020. Plaintiff filed the summons instituting this action on May 11, 2020, serving notice of the action upon all other participants in the review on the same date. Plaintiff is filing this complaint within thirty days after filing the aforementioned summons. Therefore, Plaintiff has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

**Facts**

7. On October 4, 2018, the Department initiated the tenth administrative review of the antidumping duty order on steel nails from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 83 Fed. Reg. 50,077 (October 4, 2018) (Initiation Notice).

8. The Department selected three mandatory respondents during the course of the

review using a sampling methodology pursuant to its Sampling Methodology Notice. *See* Dep't Memo Intention to Sample (April 1, 2019); *see also* Dep't Sampling Respondent Meeting (May 7, 2019). The mandatory respondents were: Shanxi Pioneer Hardware Industrial Co., Ltd (Pioneer), Stanley Works (Langfang) Fastening Systems Co., Ltd. and Stanley Black & Decker, Inc. (collectively Stanley), and Tianjin Universal Machinery Imp. & Exp. Corporation (Universal). *Id.*

9. Subsequently, Plaintiff timely filed its separate rate certification. *See* Xi'An Metals Separate Rate Certification (November 2, 2018).

10. In the Preliminary Results, the Department calculated a margin for Pioneer and Stanley based on the sales and factor of production data submitted by those companies. Universal did not cooperate in the review and the Department applied a rate based on total adverse facts available. *See* Prelim. Decision Memorandum (October 10, 2019).

11. The Department averaged the rates applicable to all three mandatory respondents, including Universal's total AFA rate, to calculate the "sample rate" assigned to Plaintiff and the other cooperating companies granted a separate rate.

12. During briefing, several parties argued that it was contrary to law and case precedent to include the total AFA rates assigned to the uncooperative mandatory in the separate rate margin. *See* POR 10 IDM at Comment 1.

13. In the Final Results, the Department determined that Pioneer failed to act to comply with the Department's requests for information and did not act to the best of its ability. POR 10 IDM at 32. The Department assigned Pioneer a rate based on total AFA.

14. In the Final Results, the Department assigned Stanley a rate of 2.11 percent based upon its own data. The Department assigned Universal and Pioneer a rate of 118.04 based upon

total AFA. The Department followed its same "sample" rate methodology in the Final Results, weight-averaging two total AFA rates and Stanley's rate to calculate a rate of 41.75 percent and assigned it to Plaintiff and the cooperating separate rate companies.

15. This appeal ensued.

## COUNT I

16. The allegations of paragraphs 1 through 15 are restated and incorporated herein by reference.

17. The Department's inclusion of the total adverse rate(s) in the separate rate assigned to Plaintiff, a fully cooperating company that has proven it is separate from the PRC-entity, is arbitrary and capricious, and not supported by substantial evidence on the record or in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . .."). The law precludes the use of adverse inference rates in the rate assigned to cooperative non-individually reviewed companies when, as here, there was an above-de minimis rate available from a cooperating mandatory respondent. In any event, the 41.75 percent rate does not reasonably reflect the rate of dumping for cooperating exporters.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1) Declaring that the Department's inclusion of a total AFA rate or rates in the separate rate margin was unsupported by substantial evidence and not in

4

accordance with the law;

(2) Ordering the Department to recalculate Plaintiff's margin in accordance with the law, without inclusion of the AFA rate(s); and

(3) Proving any additional relief as may be just in the circumstances.

>Respectfully submitted,
>
>/s/ Gregory S. Menegaz
>Gregory S. Menegaz
>Alexandra H. Salzman
>J. Kevin Horgan
>**deKieffer & Horgan, PLLC**
>1090 Vermont Ave., N.W.  20005, Suite 410
>Tel: (202) 783-6900
>email:  gmenegaz@dhlaw.com

Dated:  May 11, 2020